## C. MERCED & COMPANY, Plffs.,

### *v.*

## SUCRS. DE L. VILLAMIL & COMPANY, S. EN C., Dfts.

---

San Juan, Law, No. 1067.

STRIKING OUT ALLEGED DAMAGES.

Exemplary Damages.

 1. Exemplary or punitive damages are not recoverable in an action brought under § 1803 of the Civil Code.

Proximate Damages.

 2. In an action for damages caused by wrongful attachment, an allegation to the effect that plaintiff's property was sacrified on a foreclosure sale in consequence of the attachment will be stricken from the complaint, as such alleged damage is not the proximate result of the attachment.

Opinion filed July 14, 1915.

---

NOTE.—As to exemplary damages in an action for abuse of process in suing out an attachment for collection of debt only, see note in 29 L.R.A. (N.S.) 272.

C. Merced & Co. v. Sucrs. de L. Villamil & Co.

*Mr. Jos. Anderson, Jr.,* for plaintiffs.

*Mr. T. D. Mott* for defendants.

HAMILTON, Judge, delivered the following opinion:

A motion was filed to strike out different parts of the com-
plaint, but the parties have agreed as to most of the points
raised.   There remain, however, two matters for consideration.

1. Paragraph X. of the complaint alleges that by reason of
the wrongful, oppressive, and vexatious attachment, and the
malicious suing out of the same without probable cause, the
plaintiffs are entitled to exemplary and punitive damages to
the amount of $4,000.   Defendants raise the point that under
the Civil Law such damages cannot be recovered.

It is alleged that this suit is brought under § 1803 of the
Porto Rico Civil Code, which is taken in its entirety from
§ 1902 of the Spanish Civil Code.

The subject is treated by the Spanish commentators under
the head of Daños ó perjuicios, of which the former is said to
refer to something active, and the latter to its consequences.
Excriche, s. v.

The *Lex Aquilia* of the time of the Roman Republic in
effect introduced the subject of civil damages, as distinguished
from criminal, into the Roman Law.   The *Lex Aquilia* in
the case of injuries to slaves and animals prescribed the highest
value for an antecedent time.   Its words *damnas esto* thus car-
ried a penal element.

The basis of the *Lex Aquilia* was a wrongful act of the defend-
ant to the property of the plaintiff, but the Praetor in his

equitable development of Roman Law extended this action as an *actio utilis* to cases where the damage was the indirect result of defendant's act. pr. 1 de leg. Aq. (4, 3), etc. Ledlie's Sohm Institutes of Roman Law, § 85. The *actio legis Aquilia* applied whether the defendant was guilty of fraud (*dolus*) or fault (*culpa*). The extension of damages to results of negligence is a more modern conception.

The *Lex Aquilia* as such was not made a part of the Spanish Law, but the principles are found in Title 15 of the 7th Partida, and this is the basis of the present Spanish Code.

Under the Spanish procedure damages to the person injured could be recovered in a proceeding by the state for a crime. In this way what amounted to a punishment was united with civil damages in at least some cases arising from fault (*culpa*). When Porto Rico, however, adopted a Code of Civil Procedure founded upon American principles, the civil and criminal results were separated, and the legislature, it would seem, has never seen proper to enlarge the civil remedy so as to embrace anything besides indemnification alone. This court has neither the power nor the disposition to extend the remedy beyond what is fixed by the law. It follows that, as punitive damages cannot be recovered in Porto Rico, the motion to strike must be granted.

2. Paragraphs V. and IX. of the complaint set up that the property of plaintiffs was subject to a mortgage, and that in consequence of the attachment in question the plaintiffs were rendered unable to redeem it from the mortgage and the property was sacrificed. The motion to strike these allegations is based upon the view that the result alleged is not the direct consequence of the attachment. Manresa calls attention to

the fact that, under the section in question, it must be clear not only that there is a damage, but that this damage is a direct result of the act of the defendant. As a rule every property right is measured by a money standard. Nothing is shown in this case to indicate the store had any greater value for the plaintiffs than for anyone else, and no reason appears why others would not, and did not, bid at the mortgage sale, or why plaintiffs could not induce others to intervene and pay a price higher than the mortgage if the property was worth more than the mortgage. *Non constat* the result complained of followed rather from the fact that the plaintiffs had no funds than that the property was prevented from realizing its value. It would seem that the damage set up, if it exists, was not the proximate result of the attachment described in the pleading. The motion to strike is, therefore, granted.

It is so ordered.